## Superior Court of Cincinnati

### No. 659
### BERRYMAN v. KLEIN

Superior Court of Cincinnati
No. 58740.    July 21, 1823

### 268. NEGLIGENCE.

Facts establishing contributory negligence— Automobile (47) accident—Uncertainty of identity (172).

MAX, J.

#### Epitomized Opinion

Action by plaintiff who contended she was struck by defendant's automobile. Defendant denied that his automobile struck plaintiff. The evidence was that defendant's car was seen approaching the place of the accident shortly before plaintiff was struck an dthat the machine which struck plaintiff resembled defendant's automobile, and that defendant was found driving away from the place where plaintiff had been struck a few minutes before.

Plaintiq was standing in the road east of a street car track which ran along the west side of the road waiting for a car to approach from the north. Plaintiff knew that she was hit but did not know what hit her. Verdict for plaintiff. On motion for new trial, held:

In view of the doubt as to the identity of the automobile which struck the plaintiff. and the negligence of plaintiff in needlessly standing on the wrong side of the street car track in the traveled portion of the road without watching for the approach of vehicles, the verdict will be set aside on the ground that it is not sustained by sufficient evidence and a new trial will be granted.

Appearances—Sidney Adler and Albert Stern, for plaintiff; Chas. P. Taft II, for defendant.

## Ohio Court of Appeals

### No. 660
### DIVER v. BELOIT (Village)

Ohio Appeals, Sixth District, Mahoning County
Decided March 23, 1923

### 273. NUISANCE.

Village (259) liable for acts of its residents in polluting stream.

ROBERTS, J.

#### Epitomized Opinion

A stream flowed from defendant Village across plaintiff's land. Residents of the Village constructed drains along some of the streets of the Village with the result that the stream was made offensive and plaintiff was damaged. The trial court directed a verdict for defendant on the ground that the Village was nto a party to the pollution. Plaintiff excepted and brought error to this court. Held by the Court of Appeals:

It was the statutory duty of defendant Village to keep its streets open. in repair and free from nuisance and such condition as is complained of by plaintiff constitutes a nuisance and creates a liability for damages resulting therefrom. The case is reversed and remanded.

Attorneys—K. L. Coburn, for Diver; Harrington DeFord Huxley & Smith, for Village.